IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GLOBETECTRUST LLC**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**KNOLOGY, INC.**<br><br>       **Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GlobeTecTrust LLC, files this complaint for patent infringement against Defendant Knology, Inc.:

**THE PARTIES**

1. Plaintiff GlobeTecTrust LLC ("GlobeTecTrust") is a Delaware limited liability company with its principal place of business located at GlobeTecTrust LLC, c/o Wilmington Trust SP Services, Inc., 1105 North Market Street, Suite 1300, Wilmington, Delaware 19801.

2. On information and belief, Defendant Knology, Inc. ("Defendant") is a Delaware corporation with a principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833. Defendant has appointed the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

1

## JURISDICTION

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's jurisdiction because Defendant is incorporated under the laws of the State of Delaware and has established minimum contacts with the forum state of Delaware. Defendant thus has, upon information and belief, purposefully availed itself of the privileges of conducting business in this District and State.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 5,469,440)

6. GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-5 as if fully set forth herein.

7. On November 21, 1995, the USPTO duly and legally issued U.S. Patent No. 5,469,440 (the "'440 patent"), entitled "Communications Network and Method," to Christopher A. Wade, who assigned his rights and interests in the '440 patent to British Telecommunications. A true and correct copy of the '440 patent is attached as Exhibit A.

8. GlobeTecTrust is the exclusive licensee of the '440 patent and has the legal right to enforce rights under the '440 patent, sue for infringement, and seek all available relief and damages.

9. Upon information and belief, Defendant is infringing (literally and/or

under the doctrine of equivalents) the '440 patent throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '440 patent that transmits multiplexed signals between a central station and a plurality of outstations according to the method claimed in the '440 patent. Defendant's infringing networks include networks maintained in compliance with the DOCSIS (Data Over Cable Service Interface Specification) standards. (See, e.g., http://btreport.net/2012/01/knology-continues-docsis-3-0-rollout/: "Knology has upgraded its Dothan, AL, system to DOCSIS 3.0, including free upgrades for some tiers of residential and business customers. Knology previously launched DOCSIS 3.0 in its markets in Augusta and Columbus, GA; Charleston, SC; Huntsville and Montgomery, AL; Knoxville, TN; Panama City, FL; and Sioux Falls, SD.")

10. Defendant committed these acts of infringement without license or authorization.

11. As a result of Defendant's infringement of the '440 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

12. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '440 patent.

## **COUNT II**

**(Infringement of U.S. Patent No. 6,262,997)**

13. GlobeTecTrust incorporates and realleges the allegations of paragraphs 1-12 as if fully set forth herein.

14. On July 17, 2001, the USPTO duly and legally issued U.S. Patent No. 6,262,997 (the "'997 patent"), entitled "Synchronization in Digital Communications Networks," to John Alan Quayle, who assigned his rights and interests in the '997 patent to British Telecommunications. A true and correct copy of the '997 patent is attached as Exhibit B.

15. GlobeTecTrust is the exclusive licensee of the '997 patent and has the legal right to enforce rights under the '997 patent, sue for infringement, and seek all available relief and damages.

16. Upon information and belief, Defendant is infringing (literally and/or under the doctrine of equivalents) the '997 patent throughout the United States by, among other things, making, using, importing, offering for sale and/or selling a communications network as claimed in the '997 patent that performs ranging functions between a central station and a plurality of outstations according to the method claimed in the '997 patent. Defendant's infringing networks include networks maintained in compliance with the DOCSIS (Data Over Cable Service Interface Specification) standards. (See, e.g., http://btreport.net/2012/01/knology-continues-docsis-3-0-rollout/: "Knology has upgraded its Dothan, AL, system to DOCSIS 3.0, including free upgrades for some tiers of residential and business customers. Knology previously launched DOCSIS 3.0 in its

markets in Augusta and Columbus, GA; Charleston, SC; Huntsville and Montgomery, AL; Knoxville, TN; Panama City, FL; and Sioux Falls, SD.")

17. Defendant committed these acts of infringement without license or authorization.

18. As a result of Defendant's infringement of the '997 patent, GlobeTecTrust has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

19. GlobeTecTrust has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '997 patent.

## PRAYER FOR RELIEF

For the above reasons, GlobeTecTrust respectfully requests that this Court grant the following relief in favor of GlobeTecTrust and against Defendant:

(a)   A judgment in favor of GlobeTecTrust that Defendant has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '440 and '997 patents ("the Asserted Patents");

(b)   A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendant, from infringing the Asserted Patents;

(c)     A judgment and order requiring Defendant to pay GlobeTecTrust its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

(d)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding GlobeTecTrust its reasonable attorneys' fees; and

(e)     Any and all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GlobeTecTrust, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 15, 2013

*Of Counsel:*

Alexander C. D. Giza
Marc A. Fenster
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
agiza@rawklaw.com
mfenster@raklaw.com
(310) 826-7474

　　　/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Plaintiff*
*GlobeTecTrust LLC*